**AMERICAN AIRLINES, INC., Delta Air Lines, Inc., Eastern Air Lines, Inc., and Trans World Airlines, Inc., Plaintiffs-Appellees,**

v.

**CITY OF AUDUBON PARK, KENTUCKY, and Board of Trustees, George W. Stebbins, H. Patterson Pope, Mrs. Clarence L. Henderson, Theodore H. Amshoff and Dr. Burton M. Heine, Defendants-Appellants.**

No. 18675.

United States Court of Appeals

Sixth Circuit.

March 14, 1969.

Henry J. Burt, Jr., Louisville, Ky., for appellants.

Wilson W. Wyatt, Stuart E. Lampe, James N. Williams, Jr., Louisville, Ky., for appellees, Wyatt, Grafton & Sloss, Louisville, Ky., of counsel.

Before WEICK, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case is before the Court on an appeal from summary judgment entered

in favor of the plaintiffs-appellees declaring an ordinance of the defendant-appellant City of Audubon Park to be invalid and enjoining the municipality from enforcing it. The City of Audubon Park adjoins Standiford Field, a major airport serving the city of Louisville, Kentucky. The ordinance of the City of Audubon Park which is at the heart of this action declared it to be unlawful to operate an aircraft over the municipality below an elevation of 750 feet.

Pursuant to 49 U.S.C. §§ 1303, 1304, 1348(a) and 1348(c) the Federal Aviation Administration (hereinafter "FAA") of the United States Department of Transportation has adopted various regulations which control the use of the air space above the City of Audubon Park and the operation of aircraft therein. Those regulations require that aircraft coming in to land at Standiford Field must approach the Field on a glide-slope path which would put the aircraft at an elevation below 750 feet when passing over the municipality. The operators of plaintiffs-appellees' aircraft must comply with the FAA regulations. They require and authorize aircraft to approach on a glide path which crosses the most distant limit of the City of Audubon Park at an elevation of 442 feet and crosses the city limit nearest the Field at an elevation of 282 feet.

The foregoing facts and others pertinent to the determination of the District Court were established by the pleadings and by uncontroverted affidavits supporting the motions for summary judgment and injunction and it is here determined that the case was in proper posture for summary judgment determination. Rule 56(c), Federal Rules of Civil Procedure. The findings of fact filed by the District Court are not controverted in this appeal. Such findings included the determination that "Pilots operating the aircraft of Plaintiffs cannot comply with the FAA regulations and also comply with the provisions of the ordinance of the City of Audubon Park." The conclusions of law filed by the District Court included the

determination that "Enforcement of Ordinance No. 4, Series 1967, of the City of Audubon Park would constitute an intolerable and undue burden upon interstate and foreign commerce * * *. [T]he City of Audubon Park has no power to regulate interstate and foreign air traffic in the manner set forth in said ordinance." The ordinance was further concluded to be "unconstitutional and void, and, therefore, * * * unenforceable."

It is here determined that the findings of fact filed by District Judge Henry L. Brooks are supported by the record, that the accompanying conclusions of law are correct and the judgment from which this appeal was perfected is affirmed.